### In re MET–L–WOOD CORPORATION, a Delaware Corporation, Debtor.

#### No. 89 C 06850.

United States District Court, N.D. Illinois, E.D.

May 29, 1990.

Constantine Gekas, Harvitt & Gekas, trustee.

Dennis M. O'Dea, Keck Mahin & Cate, Chicago, Ill., for Official Creditors' Committee.

Karen Walin, Towbin & Zazove, Chicago, Ill., for debtor.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Constantine John Gekas, Trustee of Met–L–Wood Corporation ("Debtor") and the Official Creditors' Committee appeal the August 15, 1989 order of Bankruptcy Judge David Coar. 103 B.R. 972. In this order, Judge Coar awarded an interim expense reimbursement of $53,532.38 to the debtor's counsel, Towbin & Zazove ("T & Z"). For the reasons given below, we affirm the order of the Bankruptcy Court.

### Background

On December 6, 1984, Met–L–Wood Corporation filed a petition for relief under Chapter 11 of the Bankruptcy Code. Met–L–Wood retained T & Z as counsel prior to the filing of this petition. The current dispute involves T & Z's right to be reimbursed for certain expenses it incurred during the course of its representation of the Debtor.

Shortly after the Chapter 11 petition was filed, the bankruptcy court granted a motion to allow the sale of the Debtor's assets. The assets were sold at a public auction for $425,000.00 and $800,000.00 of accounts receivable were collected. These proceeds were sufficient to satisfy the claims of the secured creditors, and $300,000.00 remained to apply toward the claims of unsecured creditors.

However, after the auction, the Chapter 11 committee commenced an investigation into alleged irregularities surrounding the sale of the Debtor's assets. It moved to convert the proceeding to a Chapter 7 liquidation so that a trustee could be elected. This motion was granted, and the Chapter 11 Committee organized itself as the Chapter 7 Committee and elected Gekas as the Chapter 7 Trustee. Gekas continued the investigation into the sale of the Debtor's assets. Ultimately, the Trustee was unable to convince the Bankruptcy Court that the sale had been fraudulent.

During the course of this investigation, the Trustee leveled several challenges at T & Z regarding the sale of assets and administration of the estate. T & Z retained the law firm of Jenner & Block to represent its interests in these disputes. Specifically, Jenner & Block represented T & Z in four matters. First, T & Z employed Jenner & Block in connection with the Trustee's charges that the sale of assets was fraudulent. T & Z contends that this representation was necessary because the Trustee attempted to implicate T & Z in the alleged fraud. Second, Jenner & Block defended T & Z with regard to the Trustee's unsuccessful motion to disqualify T & Z as counsel for the debtor. Third, Jenner & Block represented T & Z when the Trustee moved to conduct an examination of Daniel Zazove pursuant to Bankruptcy Rule 2004. The Bankruptcy Court also denied this motion. Finally, Jenner & Block represented T & Z in the Northern District of Illinois in connection with a civil RICO action filed by the Trustee.

The total cost of Jenner & Block's legal counsel was almost $50,000.00. In August of 1988, T & Z petitioned the Bankruptcy Court for reimbursement of these costs. T & Z supported their petition with the affidavit of Steven Towbin, one of T & Z's principals. Upon consideration of the petition, Bankruptcy Judge Coar found that T & Z was entitled to be reimbursed for the expense of retaining Jenner & Block.

Relying on *Reading Co. v. Brown*, 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968), Judge Coar found that T & Z's claim should be allowed as an administrative claim on the grounds of fundamental fairness. Judge Coar also found that T & Z was not required to have sought prior approval to retain Jenner & Block because the firm acted as counsel to T & Z, not the Debtor. He rejected the Trustee's claims that the expenses should not be reimbursed because the services were rendered for the Debtor's principal, and that Jenner & Block served as criminal counsel.

### Discussion

The Trustee appeals the order of the Bankruptcy Court on three grounds. First, he challenges Judge Coar's conclusion that prior approval of the retention of Jenner & Block was not required. Second, he claims that it was error not to evaluate the reasonableness of the expenses in an adversarial hearing. Finally, the Trustee contends that the doctrine of fundamental fairness is inapplicable to T & Z's petition. However, we find that the Bankruptcy Court was correct on each ground, and therefore, we affirm Judge Coar's order.

In support of his contention that reimbursement was improper without prior approval, the Trustee cites 11 U.S.C. § 327(a), which provides:

Except as otherwise provided in this section, the Trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Under 11 U.S.C. § 1107(a), a debtor is subject to this provision as well. If Jenner & Block had served as counsel for the Debtor, the Trustee's argument might have merit. However, as Judge Coar found, Jenner & Block represented T & Z, not the Debtor. Thus, the award of fees is governed by 11 U.S.C. § 330(a)(2). This provision allows reimbursement for the actual, necessary expenses of the Debtor's attorney, and does not require prior approval. Therefore, we reject the Trustee's argument that prior approval was required.

The Trustee's second argument is that it was error for the Bankruptcy Court to award the fees without holding an adversary hearing as to the reasonableness of the request. However, Judge Coar stated that the Trustee failed to mount any meaningful challenge to the reasonableness of the requested fees during the consideration of the petition. The Trustee challenged the propriety of awarding the fees, rather than their amount. Because the issue of the reasonableness of the amount of fees was not adequately raised before Judge Coar, we decline to disturb his order on this ground. *See Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir.1989) (issue not raised before lower court could not be addressed on appeal). Moreover, we note that whether expenses are "actual and necessary" is an issue of fact. We may not overturn Judge Coar's findings of fact unless they are clearly erroneous. *First Wisconsin Nat. Bank v. Federal Land Bank*, 849 F.2d 284, 286 (7th Cir.1988). The Trustee has failed to show that the Bankruptcy Court's determination was clearly erroneous. Although we have no reason to believe that Jenner & Block overcharged for its legal services, should the Trustee wish to specifically challenge the amount, as opposed to the propriety of the fees, this opinion is not meant to preclude the Bankruptcy Judge from reconsidering this challenge if he so chooses.

Finally, the Trustee attacks the Bankruptcy Court's application of *Reading Co. v. Brown*, 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968). Judge Coar found that T & Z's claim should be allowed as an administrative claim on the grounds of fun-

damental fairness. The Trustee insists that allowing T & Z's claim on this ground constitutes an unwarranted extension of the doctrine.

The decision in *Reading* called for "fairness to all persons having claims against the insolvent." 88 S.Ct. at 1763. Although *Reading* involved a tort claim against the estate, the doctrine has been extended beyond the tort context. In *Yorke v. N.L. R.B.*, 709 F.2d 1138 (7th Cir.1983), the Seventh Circuit cited *Reading* for the proposition that those injured during the administration of the estate by the Trustee are entitled to priority as an administrative expense. 709 F.2d at 1143. Several courts have applied *Reading* to award attorney's fees and costs resulting from the trustee's frivolous litigation. *See In Re Airwest International*, No. 86–00145, 1988 WL 113101 (Dist. Hawaii October 12, 1988), *citing In Re E.A. Nord Co., Inc.*, 78 B.R. 289 (Bankr.W.D.Wash 1987); *In Re Charlesbank Laundry, Inc.*, 755 F.2d 200 (1st Cir. 1985); *In Re Chicago Pacific Corp.*, 773 F.2d 909 (7th Cir.1985). Although it is not clear that the Trustee's litigation was frivolous, none of his attacks on T & Z proved to have any merit whatsoever. We agree with Judge Coar's finding that fundamental fairness entitles T & Z to reimbursement of its related expenses as an administrative expense under *Reading*.

### Conclusion

For the foregoing reasons, the order of the Bankruptcy Court is affirmed. It is so ordered.